| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE** <br>   **GENOVESE & GLUCK P.C.** <br> 875 Third Avenue <br> New York., New York 10022 <br> A. Mitchell Greene <br> Robert M. Sasloff <br> *Proposed Attorneys for the Debtor and Debtor in Possession* | **Hearing Date and Time:** <br> **April 20, 2021 at 11:30 a.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **DUPONT STREET DEVELOPERS, LLC,** | Case No.: 21-40664-nhl |
|             Debtor. | |

----------------------------------------------------------X

## MOTION FOR AN ORDER REJECTING CONTRACT OF SALE

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

      **DuPont Street Developers, LLC,** the debtor and debtor in possession herein (the "Debtor") by its proposed attorneys, **Robinson Brog Leinwand Greene Genovese & Gluck P.C.,** seeks the entry of an order rejecting the Debtor's Contract of Sale, as amended, dated March 30, 2018 (the "Sale Contract")[1] with DuPont Realty NY LLC (the "Buyer"), effective as of March 17, 2021. In support thereof, the Debtor states:

### JURISDICTION AND VENUE

      1.    Jurisdiction over this application is vested in the United States District Court for this District pursuant to Sections 1334 of Title 28 of the United States Code (the "Judicial Code").

---

[1] A copy of the Sale Contract is attached hereto as **Exhibit A**.

{01088892.DOC;4 }

2. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. §§157(b)(1) and 157(b)(2)(A) and (O). The statutory predicate for the relief sought herein are section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

3. Venue of this motion in this district is proper pursuant to section 1409 of the Judicial Code.

## BACKGROUND

4. On March 17, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. In June of 2012, DuPont purchased the real property located in Brooklyn, New York, which consisted of 10 contiguous tax lots bounded by DuPont Street, Franklin Street, and Clay Street (the "Property") with the intention of developing the Property as a mixed-use space. In connection with the acquisition of the Property by the Debtor, certain other parties commenced a lawsuit against the Debtor seeking money damages and specific performance arising out of an alleged right of first refusal to purchase the Property. Because of this litigation, a notice of pendency was against the Property and the Debtor was unable to develop the Property. Eventually, the claims against DuPont were dismissed and the notice of pendency was removed.

6. In an effort to avoid accruing additional debt on a stalled development project, the Debtor on March 30, 2018, entered into the Sale Contract to sell the Property to the Buyer. The original purchase price under the Sale Contract was $55,000,000, but after subsequent amendments, the purchase price was ultimately increased to an amount in excess of $57,000,000.

7. While the Sale Contract was entered into almost three years ago, many intervening factors kept the proposed sale from closing, including the litigation surrounding the Debtor's acquisition of the Property. In the meantime, the Debtor's secured debt obligations

continued to accrue to an amount that is unsustainable for the Debtor absent a sale of the Property. Accordingly, the Debtor filed for chapter 11 relief so that it could pursue a sale to a purchaser other than the Buyer. Upon information and belief, the Debtor believes that the Buyer's proposed lender is no longer willing to finance the Sale Contract and that based on the Buyer's financial position, it will be unable to procure a replacement lender to close on the Sale Contract. Attached as **Exhibit B** is correspondence from the Buyer's lender indicating that the lender will not be providing financing for the Buyer to close. Because of this, the Debtor sent the Buyer a termination letter, which is attached as **Exhibit C**. Additionally, the Buyer has caused a mechanic's lien to be filed against the Property in further violation of the terms of the Sale Contract.

8. The primary purpose for the filing of the Debtor's case is to liquidate the Property so that the Debtor can pay off its debt, which continues to accrue. If the Debtor continues to wait on the Buyer, the Debtor's debt load will become insurmountable and in order to satisfy the goals of its chapter 11 filing, the Debtor must reject and terminate the Sale Contract and pursue a new sale.

**RELIEF REQUESTED**

9. Pursuant to this motion, the Debtor is seeking to reject the Sale Contract pursuant to section 365 of the Bankruptcy Code.

**BASIS FOR RELIEF**

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the Court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows the trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar, Co v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996).

11. Similar to the standard for approval of transactions under section 363(b)(1), the standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. See, *Orion Pictures Corp, v. Showtime Networks Inc., (In re Orion Pictures Corp.)*, 4 F,3d 1095, 1098-99(2d Cir, 1994); In re Gucci, 193 B.R. 411 (S.D.N.Y. 1996); *In re Federated Dep't Stores Inc.*, 131 B.R. 808, 811 (Bankr. S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases.")

12. The rejection of an executory contract or unexpired lease is appropriate where rejection of the contract would benefit the estate. *In re Sharon Steel Corp. v, National Fuel Gas Distribution Corp. (in re Sharon Steel Corp.)*, 873 F,2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied when the debtor has made a business determination that rejection will benefit the estate. See, *Commercial Fin. Limited v. Hawaii Dimensions Inc (In re Hawaii Dimensions Inc.)*, 47 B.R, 425, 427 (Bankr. D, Haw. 1985) (". . . under the business judgment test, the court should approve the debtor's proposed rejection if such rejection will benefit the estate.")

13. If the debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract or unexpired lease. *See*, *e.g.*, *NLRB v. Bildesco & Bildesco*, 462 U.S. at 523 (1984), *In re Bradlees' Stores Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996).

14. In applying the business judgment standard, courts show great deference to a debtor's decision to reject. *See NLRB*, 462 U.S. at 523 (1984), *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course.")

15. The Debtor believes it is in the best interests of its estate to expeditiously seek the rejection of the Sale Contract. The Debtor submits that its decision to reject the Sale Contract satisfies the business judgment standard. Prior to the Petition Date, the Debtor determined based upon available information that the Buyer is not able to consummate the Sale Contract. Rather than being forced to wait to see if the Buyer will ever be able to close, while the Debtor accrues additional debt, the Debtor determined in was in its best interests to terminate the Sale Contract prepetition so that it can pursue an alternative buyer. Additionally, the Debtor submits that the termination was appropriate because a mechanic's lien was filed against the Property by one of the Buyer vendor's, in violation of the Sale Contract which violation serves as a further basis to reject the Sale Contract.

16. The Debtor should not be forced to wait for the Buyer to act before it can move forward on a sale of the Property. The Buyer had not indicated that the lender's decision would not affect its ability to close. Accordingly, the Debtor determined prepetition that it was in its best interest to terminate the Sale Contract and now that the Debtor has filed its chapter 11 case in an effort to sell the Property, in the exercise of caution, it must seek to reject the Sale Contract, because it cannot market and sell the Property to a third party while the existing Sale Contract is still in place.

17. Given the facts and circumstances surrounding the Sale Contract and Buyer's inability to close and default under the Sale Contract, the Debtor submits that it has exercised its reasonable busines judgment and therefore the Sale Contract should be rejected as of the Petition Date.

## NOTICE

18. The Debtor has served this Motion, by first-class mail, upon the Debtor's twenty largest unsecured creditors, counsel to its secured creditors, parties who have filed claims and Notices of Appearances, counsel to the Buyer, and the United States Trustee.

19. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

**WHEREFORE**, the Debtor seeks the entry of an order authorizing the Debtor to reject the Sale Contract and grant such other and further relief as is just and appropriate.

**Dated:** New York, New York
March 31, 2021

**ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.**
**Proposed Attorneys for Debtor**
875 Third Avenue
New York, New York 10002
212-603-6300

By:   /s/ Robert M. Sasloff
      **Robert M. Sasloff**