**ROBINSON BROG LEINWAND GREENE**
  **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
A. Mitchell Greene
*Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **DUPONT STREET DEVELOPERS, LLC,** | Case No.: 21-40664-nhl |
| Debtor. | |

---------------------------------------------------------X

## APPLICATION FOR ORDER AUTHORIZING
## THE RETENTION OF REAL ESTATE BROKER

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

    DuPont Street Developers, LLC, the debtor and debtor in possession herein (the "Debtor"), by its attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C., pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeks this Court's authorization to employ Rosewood Realty Group ("Rosewood"), as the Debtor's real estate broker in its Chapter 11 case. In support thereof, the Debtor respectfully represents:

    1.    This motion seeks the approval of the Debtor's retention of Rosewood as its real estate broker to market the Debtor's real property generally known as, and/or air rights pertaining to 49-55 Dupont Street, Brooklyn, NY 11222 (all or a portion of the property and/or air rights related thereto are referred to hereinafter as the "Property") and procure a purchaser for

{01092383.DOC;2 }

the Property. The Motion also sets forth the proposed compensation of Rosewood pursuant to an agreement with it and consented to by the Debtor's secured lender.

## JURISDICTION AND VENUE

2. Jurisdiction over this application is vested in the United States District Court for the Eastern District of New York pursuant to section 1334 of title 28 of the United States Code (the "Judicial Code").

3. This application has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Referral of Matters to the Bankruptcy Judges* (E.D.N.Y. December 5, 2012) (Bagley, C.J.).

4. This is a core proceeding arising under title 11 of the United States Code. *See* 28 U. S. C. § 157(b)(1). The statutory predicates for the relief sought herein are §§ 327(a), 330 and 1107 of the Bankruptcy Code.

5. Venue is proper in this district pursuant to section 1409 of the Judicial Code.

## BACKGROUND

6. On March 17, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

7. The Debtor has previously filed a motion to reject a prepetition contact of sale for the Property so that it can pursue a sale of the Property to a new third-party. While the motion to reject is pending before the Court, the Debtor now seeks to retain Rosewood to market and sell the Property.

## RELIEF REQUESTED

8. In order to maximize the value of the Property and therefore maximize the return

to the Debtor's estate, the Debtor seeks authorization to retain Rosewood as its real estate broker to market and sell the Property in accordance with the attached Retention Agreement (the "Agreement").  The Agreement is attached to the proposed order as **Exhibit 1**.

9. The Debtor selected Rosewood because of Rosewood's extensive and diverse experience, knowledge, and reputation in the real estate industry.  Rosewood's brokers have successively negotiated and sold over 3,000 buildings and the Debtor believes that Rosewood will obtain the highest and best price for the Property.

10. The Debtor seeks authorization to retain Rosewood as its real estate broker. The sale of the Property shall be subject to a buyer's premium of 1.0% of the purchase price in the event Rosewood is successful in locating a purchaser who closes on the Property.  The Agreement further provides for a limited list of entities who would be carved out from the 1% buyer's premium (the "Carve Out List") and in the event a buyer is the Carve Out List, then Rosewood's compensation would be capped at 0.75%.  The Agreement is for a term of 180 days from the date of entry of an order approving Rosewood's retention, thereafter, the term shall only be extended by agreement between the Debtor, Rosewood, and Dupont Street 1, LLC ("DuPont Street"), the Debtor's senior secured lender.

11. In accordance with section 363(k) of the Bankruptcy Code, it is possible that the Debtor's secured creditor, DuPont Street may credit bid. In that event, Rosewood would not be entitled to a full commission based on the amount of the credit bid, but has agreed to accept a flat fee of $75,000, plus its reasonable marketing and other out of pocket expenses,  which expenses shall be subject to the Court's approval.

**Sections 327(a) and 328 of the Bankruptcy Code**

12. The Bankruptcy Code provides that a debtor, with the Court's approval, may employ one or more attorneys … or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §327(a). The Debtor believes that Rosewood satisfies the requirements of section 327(a) of the Bankruptcy Code.

13. Section 328(a) of the Bankruptcy Code further provides that a professional person retained under section 327 of the Bankruptcy Code may be employed on "any reasonable terms and conditions of employment, including on a…fixed or percentage fee basis, or on a contingent fee basis." Rosewood agreed to be compensated through a 1.0% buyer's premium on the purchase price of the Property, which is customary for sales of this size. In addition, the Debtor will reimburse Rosewood for its out-of-pocket expenses incurred by Rosewood in its performance under this Agreement, including without limitation reasonable expenses of marketing, advertising, promotion, travel and transportation, postage, courier and overnight express fees. Rosewood's fee shall be paid at closing of any sale it procures.

14. Additionally, because of the transactional nature of Rosewood's work, the Debtor respectfully requests that Rosewood not be required to keep time records for services performed with respect to its fee for acting as real estate broker to the Debtor pursuant to the Agreement.

15. As set forth in the declaration of Greg Corbin, and to the best of Debtor's knowledge, information and belief, Rosewood represents no interest adverse to the Debtor, its estate or creditors and is a disinterested person pursuant to §101(14) of the Code.

## NOTICE

16. The Debtor has provided notice of this application to: (i) the U.S. Trustee; (ii) counsel to DuPont Street; (iii) the Debtor's 20 largest unsecured creditors; and (iv) all other parties that have requested service in these cases pursuant to Bankruptcy Rule 2002.

17. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (i) approving the Retention Agreement between the Debtor and Rosewood, substantially in the form annexed to the Motion as **Exhibit 1**; (ii) authorizing the Debtor to retain Rosewood as the Debtor's real estate broker for the Property in accordance with the Agreement, (iii) authorizing payment to Rosewood at closing in accordance with the Agreement and (iv) such other and further relief as it deems just and proper.

**DATED:**   New York, New York
June 15, 2021

        **ROBINSON BROG LEINWAND GREENE**
        **GENOVESE & GLUCK PC**
        **Attorneys for the Debtor**
        875 Third Avenue
        New York) New York 10022
        Tel. No.: (212) 603-6300


        By: /s/ Robert M. Sasloff
        **Robert M. Sasloff**