| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE<br>  GENOVESE & GLUCK P.C.**<br>875 Third Avenue<br>New York, New York 10022<br>A. Mitchell Greene<br>Robert M. Sasloff<br>*Attorneys for the Debtor and Debtor in Possession* | Hearing Date and Time:<br>January 18, 2022, at 11:00 a.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **DUPONT STREET DEVELOPERS, LLC,** | Case No.: 21-40664-nhl |
| Debtor. | |

----------------------------------------------------------X

**DEBTOR'S MOTION FOR ENTRY OF ORDER FURTHER EXTENDING
EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO
SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF**

TO THE HONORABLE NANCY HERSHEY LORD,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

**DuPont Street Developers, LLC,** the debtor and debtor in possession (the "Debtor"), by its attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, seeks the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") further extending the time within which the Debtor has the exclusive right to file a plan of reorganization and to solicit acceptances with respect thereto for another 120 days through and including March 13, 2022 and May 11, 2022, respectively. In support thereof, the Debtor states:

**JURISDICTION AND VENUE**

1. Jurisdiction over this application is vested in the United States District Court for

this District pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding arising under title 11 of the United States Code.  See 28 U.S.C. § 157(b)(1).  The statutory predicate for the relief sought is Section 1121 of the Bankruptcy Code.

3.      Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C § 1409.

## BACKGROUND

4.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 17, 2021 (the "Petition Date").

5.      The Debtor owns the real property located at 280 Franklin Street, 10, 14, 22, 26, 30 and 32 Clay Street, 55, 57 and 93 DuPont Street, Brooklyn, New York (Block 2487, Lots 1, 20, 12, 17, 72, 78, 18, 20, 21, & 57) (the "Property"), which Property is a developmental site.

## RELIEF REQUESTED

6.      Pursuant to section 1121(b) of the Bankruptcy Code, the Debtor has the exclusive right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period").  In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, the Debtor is given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the Petition Date (the "Acceptance Period," together with the Exclusivity Period, the "Exclusive Periods").  Pursuant to Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

7.      The Debtor sought and was granted a prior extension of the Exclusive Periods.  This is the Debtor's second request to extend the Exclusive Periods.  The current Exclusivity

Period and Acceptance Period expire on November 12, 2021, and January 11, 2022, respectively. The filing of a motion pursuant to Section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120-day period or the 180 day period referred to in this section.") (emphasis added).

8.  The Debtor seeks the entry of an order: (i) further extending the Exclusivity Period for 120 days to and including March 14, 2022, and in the event the Debtor timely files a plan within said extension, (ii) further extending the Acceptance Period for 120 days to and including May 11, 2022; to ensure that this Court, the Debtor and other parties in interest are not distracted by the filing of any competing or premature plans.

9.  The Debtor submits it should be granted the requested extensions of the Exclusive Periods so that it will have sufficient time to, *inter alia,* within this time frame to formulate, file and confirm a plan of reorganization.

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

10.  The Debtor's Exclusive Periods may be extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

11.  The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987). Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., In re Adelphia Commc'ns Corp., 352

B.R. 578, 586 (Bankr. S.D.N.Y. 2006), First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc., 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); In re Tony Downs Foods Co., 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. See, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); See also In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of [Section 1121(d)] is flexibility").

12. Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

  a. the size and complexity of the case;
  b. the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
  c. the existence of good faith progress toward reorganization;
  d. the fact that the debtor is paying its bills as they become due;
  e. whether the debtor has demonstrated reasonable prospects for filing a viable plan
  f. whether the debtor has made progress in negotiations with its creditors;
  g. the amount of time which has elapsed in the case;
  h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
  i. whether an unresolved contingency exists.

In re Adelphia 352 B.R. at 857.

13. The Debtor submits that factors "(h)" and "(i)" are inapplicable to the instant case. The Debtor submits that it satisfies factors "(a)" through "(g)" which militate towards granting

the relief requested.

14. Since the Debtor's last extension of its Exclusive Periods, the Debtor has been diligently moving its case towards filing a plan of reorganization. Primarily in that regard, the Debtor filed a motion for authority to obtain post-petition financing from its current secured lender in order to fund aspects of the administration of the Debtor's case and to fund certain environmental remediation efforts to maximize the value of the Property (the "DIP Financing"), which the Debtor has already begun to market for sale after having retained a real estate broker earlier in this case. As part of the Debtor's efforts to obtain the Court's approval of the DIP Financing, which was objected to by only one party, the New York State Department of Environmental Conservation ("DEC"), the Debtor also was able to reach a resolution of the partially contingent claim filed by the DEC. The DEC filed a claim for almost $33 million, most of which represented future potential clean-up costs, however, that claim has now been resolved for $296,212.50. Debtor had filed a motion to approve a stipulation entered into with the DEC that reduced and allowed the DEC in that amount as well as providing for other related relief (the "DEC Motion"). The Court approved at a hearing held on November 9, 2021 the Debtor's request for the DIP Financing and DEC Motion and orders were uploaded after the hearing with respect thereto.

15. With the DEC claim resolved, and the Court having approved the Debtor's DIP Financing, the remediation efforts can begin and the market efforts for the sale of the Property can now be picked up with greater certainty. With these approvals, the Debtor can move on to the next and hopefully final stage of this case by preparing the Property for sale. Negotiation have been underway to move ahead with the sale with the Debtor's senior secured creditor acting

as the stalking horse purchaser. The Debtor's retained broker has already started the process of marketing the property but will be able to accelerate those efforts now. Along with the Debtor's efforts to market the Property, the Debtor will continue to review the claims to determine if any additional objections are necessary.

16. The Debtor submits that in light of the instant facts and circumstances and in order to provide the Debtor with sufficient time to market the Property, prepare and file a plan and accompanying disclosure statement and litigate any claim objections, if necessary, that good cause exists to extend the Exclusive Periods. The Debtor believes that the requested extensions will promote the orderly reorganization of the Debtor without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

17. The Debtor has served this application on the United States Trustee, the holders of twenty largest unsecured claims, counsel to the Debtor's secured creditors, and all parties who have filed notices of appearance in this case. The Debtor submits that such service be deemed appropriate and sufficient under the circumstances.

18. No prior application for the relief sought has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief sought in this motion and enter an order pursuant to Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtor's exclusive right to file a plan of reorganization to and including **March 14, 2022;** (ii) and in the event that the Debtor files a plan of reorganization prior to **March 14, 2022,** further extending the Debtor's right to solicit acceptances with respect thereto

to and including **May 11, 2022**; and (iii) granting to the Debtor such other and further relief as may be just and appropriate.

**Dated:**  New York, New York
       November 10, 2021          **ROBINSON BROG LEINWAND**
                                       **GREENE GENOVESE & GLUCK P.C.**
                                       Attorneys for the Debtor
                                       875 Third Avenue, 9th Floor
                                       New York, New York 10022
                                       Tel. No.:  212-603-6300

                                       By:  __/s/ Robert M. Sasloff_____
                                              **Robert M. Sasloff**

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                                  Chapter 11

**DUPONT STREET DEVELOPERS, LLC,**                Case No.: 21-40664-nhl

                        Debtor.
----------------------------------------------------------X

## ORDER FURTHER EXTENDING EXCLUSIVE
## RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT
## ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF

**UPON** the motion dated November 10, 2021 (the "Motion") of DuPont Street Developers, LLC (the "Debtor"), the debtor and debtor in possession herein seeking the entry of an order pursuant to section 1121 of Title 11 of the United States Code (the "Bankruptcy Code"): (i) extending the Debtor's exclusive right to file a plan of reorganization through and including **March 14, 2022;** and (ii) in the event that the Debtor files a plan of reorganization on or prior to that date, extending the Debtor's right to solicit acceptances with respect thereto through and including **May 11, 2022**; and a hearing on the Motion having come to be heard on January 18, 2022; and Robinson Brog Leinwand Greene Genovese & Gluck P.C. appearing for the Debtor; and such other parties whose identities are reflected in the record of the hearing having been heard with respect thereto; and it appearing that due and sufficient cause appearing therefor, it is:

**ORDERED**, that the Debtor's exclusive right to file a plan of reorganization pursuant to section 1121 of the Bankruptcy Code is extended through and including March 14, 2022 (the "Exclusivity Period"); and it is further

**ORDERED**, that in the event that the Debtor files a plan of reorganization within the time set forth in the preceding paragraph, then the Debtor's exclusive right to solicit acceptances with respect thereto pursuant to §1121(c)(3) of the Bankruptcy Code is extended to May 11, 2022 (the "Acceptance Period"); and it is further

**ORDERED**, that the entry of this order is without prejudice to the Debtor's right to seek additional extensions of the Exclusivity Period and Acceptance Period pursuant to §1121 of the Bankruptcy Code.