UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

         DUPONT STREET DEVELOPERS LLC,

                                    Debtor.

Chapter 11

Case No. 21-40664-nhl

-------------------------------------------------------------X

## STIPULATION AND ORDER REGARDING
## CLAIM NO. 12-1 FILED BY NEW YORK STATE DEPARTMENT OF
## ENVIRNOMENTAL CONSERVATION AGAINST THE DEBTOR

This stipulation and agreed order (the "Stipulation"), is made by and between DuPont Street Developers, LLC ("Debtor"), and the New York State Department of Environmental Conservation (the "DEC," together with Debtor, the "Parties") with respect to proof of claim, number 12-1 filed by the DEC on May 26, 2021 (the "DEC Claim") against the Debtor.

## RECITALS

WHEREAS, prior to the filing of this case, Debtor's property located at 49 Dupont Street in Brooklyn, New York 11222 (the "Site"), was designated as Site No.224136 in DEC's Inactive Hazardous Waste Disposal Site Remedial Program;

WHEREAS, Debtor is obligated pursuant to an administrative order on consent with DEC (the "Consent Order," attached hereto as Exhibit A, which became effective as to Debtor on February 17, 2014) to implement certain environmental remediation actions among other obligations, and the Parties agree that any sale or transfer of the Site shall be conditioned on the successor in title becoming likewise subject to the requirements of the Consent Order;

WHEREAS, on March 17, 2021 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, the Debtor is currently operating their business and managing its affairs as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, DEC is the holder of a claim, designated as Claim No. 12-1 in the total amount of $32,973,212.50 which asserts in part administrative expense status as to certain portions of the claim;

WHEREAS, the nature of the DEC Claim, if proven, would likely be non-dischargeable under applicable law;

WHEREAS, in informal discussions and extensive negotiations regarding the settlement of the DEC Claim, as well as the objection filed by the DEC in conjunction with the *Motion Pursuant to 11 U.S.C. §§ 104, 361, 362, 363 and 364 Order (I) Authorizing Debtor to Obtain Post-Petition Financing Secured by a Senior Lien Under Section 364(c)(1) and 364(d) of the Bankruptcy Code* [ECF No. 49] (the "DIP Motion"), the Debtor's senior lender, DuPont Street 1 LLC, the Debtor and the DEC, have agreed to resolve the objection filed by the DEC to the DIP Motion, and any issues the Debtor may have with the DEC Claim and DEC with regard to the funding for the payment of such claim by entering into this Stipulation;

WHEREAS, the Parties have agreed to avoid the risk and costs of litigating the DEC Claim and its dischargeability by reaching a settlement which will allow a specific amount as an unsecured claim as well as a specific amount as an administrative claim, both as non-dischargeable and with specific payment terms, and to submit this Stipulation which memorializes that agreement to the Court for approval as an Order; and

WHEREAS, the Parties desire to resolve any and all disputes relating to the amount of DEC Claim.

**NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, AND UPON THE BANKRUPTCY COURT'S APPROVAL, IT SHALL BE ORDERED AND BINDING ON ALL PARTIES IN INTEREST AS FOLLOWS**:

1. This Stipulation and Order will become effective on the date that it is entered as an order of the Bankruptcy Court.

2. The recitals above are incorporated by reference.

3. The Parties agree to fix the DEC Claim in the cumulative amount of $296,212.50 (the "Allowed DEC Amount") and for said amount to be deemed non-dischargeable. Any funds asserted in the DEC Claim in excess of this amount and for future contingent damages/cleanup costs are hereby expunged.

4. The Allowed DEC Amount shall be deemed an allowed non-dischargeable administrative claim in the Debtor's bankruptcy case under section 503 of the Bankruptcy Code in the amount of $215,000 to resolve violations of the Consent Order and an allowed non-dischargeable unsecured claim in the amount of $81,212.50 for the payment of past costs expended by DEC at the Site. Both components of the Allowed DEC Amount shall be paid in full upon the effective date of a confirmed plan of reorganization/liquidation ("Plan"). Debtor shall separately classify the unsecured portion of the Allowed DEC Amount from other unsecured claims due to its non-dischargeable nature and the continuing liability of the environmental clean-up costs as to the estate. The Debtor agrees to incorporate the terms of this Stipulation into any Plan it files in this case.

5. At least five days before the Plan's effective date, DEC shall provide the Debtor with wiring instructions for the two payments set forth in Paragraph 4. The Debtor shall pay the amounts required in Paragraph 4 in accordance with the wiring instructions provided.

6. The Debtor agrees to condition sale or transfer of the Site, in the Plan or otherwise, upon the purchaser and/or transferee becoming subject to the Consent Order and liable for implementing its terms. To effectuate this provision the Debtor agrees to include the Sale Provisions attached hereto as Exhibit B as provisions of any proposed order it files in this case for approval of sale or transfer of title to the Site; and agrees to include the Plan Provisions attached hereto as Exhibit C as provisions of any Plan it files in this case.

7. Once this Stipulation is approved by the Bankruptcy Court, DEC agrees that its objection to the DIP Motion shall be deemed withdrawn.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Electronic signatures shall have the same force and effect as original signatures.

9. The construction or interpretation of this Stipulation shall be governed by laws of the state of New York, without reference to any conflict of laws provision and as if mutually drafted by all Parties.

10. This Stipulation is expressly subject to Bankruptcy Court approval and once approved, this Stipulation shall be fully binding and enforceable against the Debtor and the DEC. The Bankruptcy Court shall retain exclusive jurisdiction to hear all disputes arising from this Stipulation and Order.

Dated: October 8, 2021

| ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK PC | NEW YORK STATE DEPARTMENT OF ENVIRNOMENTAL CONSERVATION |
|---|---|
| By: /s/ Robert M. Sasloff<br>Robert M. Sasloff<br>875 Third Avenue<br>New York, New York 10022<br>(212) 603-6329<br>rms@robinsonbrog.com | By: /s/ Channing Wistar-Jones<br>Channing Wistar-Jones<br>New York State Law Dept.<br>28 Liberty Street, 19th Floor<br>New York, New York 10005<br>(212) 416-8082<br>Channing.jones@ag.ny.gov |
| *Counsel for Debtor* | *Attorneys for DEC* |

NOW, THEREFORE, based upon the record of the telephonic hearing held on November 9, 2021, which is incorporated herein by reference and at which appeared, among other parties in interest, Robert M. Sasloff, Esq. (Counsel to Debtor), Channing Wister-Jones, Esq. (Counsel to NYS Dept. of Envtl. Conservation), and Rachel Wolf, Esq. (Office of the U.S. Trustee), and after due deliberation thereon and good and sufficient cause appearing therefor, the Stipulation herein IS HEREBY,

**SO ORDERED**.



Dated: November 19, 2021
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge

10. This Stipulation is expressly subject to Bankruptcy Court approval and once approved, this Stipulation shall be fully binding and enforceable against the Debtor and the DEC. The Bankruptcy Court shall retain exclusive jurisdiction to hear all disputes arising from this Stipulation and Order.

Dated: October 8, 2021

| ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK PC | NEW YORK STATE DEPARTMENT OF ENVIRNOMENTAL CONSERVATION |
|---|---|
| By: /s/ Robert M. Sasloff<br>Robert M. Sasloff<br>875 Third Avenue<br>New York, New York 10022<br>(212) 603-6329<br>rms@robinsonbrog.com | By: /s/ Channing Wistar-Jones<br>Channing Wistar-Jones<br>New York State Law Dept.<br>28 Liberty Street, 19th Floor<br>New York, New York 10005<br>(212) 416-8082<br>Channing.jones@ag.ny.gov |
| *Counsel for Debtor* | *Attorneys for DEC* |

NOW, THEREFORE, based upon the record of the telephonic hearing held on November 9, 2021, which is incorporated herein by reference and at which appeared, among other parties in interest, Robert M. Sasloff, Esq. (Counsel to Debtor), Channing Wister-Jones, Esq. (Counsel to NYS Dept. of Envtl. Conservation), and Rachel Wolf, Esq. (Office of the U.S. Trustee), and after due deliberation thereon and good and sufficient cause appearing therefor, the Stipulation herein IS HEREBY,

**SO ORDERED**.



Dated: November 19, 2021
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge