UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

            Chapter 11

    DUPONT STREET DEVELOPERS LLC,

            Case No. 21-40664-nhl

           Debtor.

------------------------------------------------------------X

## FINAL ORDER (I) AUTHORIZING AND APPROVING DEBTOR'S POST-PETITION FINANCING WITH ADMINISTRATIVE SUPER-PRIORITY AND SECURED BY SENIOR LIENS ON AND SECURITY INTERESTS IN DEBTOR'S REAL AND PERSONAL PROPERTY PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 OF THE BANKRUPTCY CODE, AND (II) GRANTING RELATED RELIEF

**DuPont Street Developers, LLC** (the "Debtor"), having filed a motion dated July 30, 2021 (the "Motion") for, *inter alia*:

(a) authorization, under sections 364(c)(1) and 364(d) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the Debtor to obtain postpetition financing (the "DIP Financing") in the form of a credit facility up to a maximum outstanding principal amount of $11,883,633.00 (the "Total Facility"), in accordance with the loan documents, among the Debtor, as borrower, and Dupont Street 1 LLC, as lender (the "Lender"), substantially in the form of Exhibit "A" annexed to the Motion, the final order authorizing the DIP Financing (the "Final Financing Order") and all other agreements, documents and instruments at any time evidencing, guaranteeing or securing the obligations or the Collateral[1] (collectively, the "Loan Documents");

(b) authorization to grant to the Lender assurances for the full and timely payment by and performance of the obligations of the Debtor to the Lender in connection with the DIP Financing under the Loan Documents, including, without limitation, all principal, interest, costs, fees and expenses, all as set forth in the Loan Documents, by granting to the Lender (i) pursuant to section 364(c)(1) of the Bankruptcy Code, an administrative expense allowable under section 503(b) of the Bankruptcy Code having priority over any and all expenses and claims specified in any other section of the Bankruptcy Code, including, without limitation, sections 503(b) and 507(b) of the Bankruptcy Code, except for the Carve Out as defined in the Loan Documents, which Carve Out shall have priority over Lender's administrative expense claim, and (ii) pursuant to sections 364(d) of the Bankruptcy Code, a senior lien on and security interest in all of the Debtor's real and personal property as set forth in the Loan Documents; and

---

[1] All terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Loan Documents.

(c) granting such other and related relief as may be just and appropriate; [ECF No. 49]; and the New York State Department of Environmental Conservation ("DEC") having filed an objection to the Motion [ECF No. 52] (the "Objection"), which DEC has agreed to withdraw contingent upon the Court's approval of that certain Stipulation and Order executed by and between the Debtor and DEC on October 8, 2021, regarding Claim No. 12-1 filed by DEC ("Environmental Stipulation and Order"); and a telephonic hearing having been held before this Court on November 9, 2021 (the "Hearing"), at which appeared, among other parties in interest, Robert M. Sasloff, Esq. (Counsel to Debtor), Daniel N. Zinman, Esq. (Counsel to Lender), Channing Wistar-Jones, Esq. (Counsel to DEC), and Rachel Wolf, Esq. (Office of the U.S. Trustee); and good and sufficient notice of the Hearing having been given to (a) the United States Trustee, (b) the Lender, (c) each of the twenty (20) largest unsecured creditors of the Debtor, (d) all parties who have filed notices of appearance in this case and request for notice and (e) all parties known by the Debtor to have liens on or security interests in the Debtor's assets; and good and sufficient cause appearing therefore,

**NOW**, **THEREFORE**, based upon the record of the Hearing, which is incorporated herein by reference, and after due deliberation thereon and good and sufficient cause appearing therefor, the Court hereby makes the following findings of fact and conclusions of law:

<u>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**</u>[2]

A.      On  March 17, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See,* Fed. R. Bankr. Proc. 7052.

B.     The Debtor has continued in the management and operation of its business and properties as a debtor in possession under Sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner or official creditors' committee has been appointed in this Chapter 11 case.

C.     Based on the record presented to the Court by the Debtor in support of this Motion, the Court finds that (i) an immediate need exists for the Debtor to obtain credit to continue the operations of its business, (ii) without such facility, the Debtor will be unable to pay its ongoing operating expenses, and (iii) without such facility, the likelihood of a successful reorganization will be greatly diminished.  Absent entry of this Order, it would appear that the Debtor's operations will be seriously disrupted, resulting in immediate and irreparable harm to the estate.  Therefore, entry of this Order will benefit the Debtor and its estate.

D.     The Lender has agreed to extend credit for and on behalf of the Debtor, up to a maximum principal amount of $11,833,633.00, outstanding at any time, all upon the terms and conditions set forth in the Loan Documents as an advance under the pre-petition loan from the Lender to the Debtor (the "Pre-Petition Loan") with the total amount advanced being added the amount due under the Pre-Petition Loan.

E.     In view of the Debtor's current financial condition, financing arrangements and capital structure, the Debtor has represented to the Court that it is unable to obtain an adequate unsecured credit facility allowable under Section 503(b)(1) of the Bankruptcy Code, merely as an administrative expense pursuant to Section 364(b) of the Bankruptcy Code.  The Lender has conditioned the financing upon, *inter alia*, the grant of (i) in accordance with Section 364(c)(1) of the Bankruptcy Code, an administrative expense claim allowable under Section 503(b) of the Bankruptcy Code with priority over any and all expenses and claims specified in any other section of the Bankruptcy Code, including, without limitation, Sections 503(b) and 507(b) of the Bankruptcy Code, subject to the Carve-Out; and (ii) in accordance with Section 364(d), an advance secured by

3

the senior liens on and security interests in all of the Debtor's real and personal property under the Pre-Petition Loan as set forth in the Loan Documents, subject to the Carve-Out, as of the Petition Date, with the total amount advanced being added the amount due under the Pre-Petition Loan.

    F. The terms of the DIP Financing taken as a whole are at least as favorable to the Debtor as those available from alternative sources.  The terms of the DIP Financing have been negotiated in good faith and at arm's-length between the Debtor and the Lender, are fair and reasonable under the circumstances and are enforceable in accordance with their terms.  Consequently, any credit extended to the Debtor by the Lender under the terms of this Order shall be deemed to have been extended in good faith as that term is used in Section 364(e) of the Bankruptcy Code.

    G. The Court concludes that entry of this Order is in the best interests of the Debtor's estate and creditors and its implementation will, among other things, provide the Debtor with the necessary liquidity to sustain the operation of the Debtor's business and enhance the Debtor's prospects for a successful reorganization.

    **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

    1. This Court has jurisdiction over this case and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334.  This is a "core" proceeding as defined in 28 U.S.C. §157(b)(2)(D) and (M).

2.      Upon entry of *both* this Order and the Environmental Stipulation and Order, the Objection shall be deemed withdrawn (*see* Environmental Stipulation and Order ¶ 7) and the Motion is GRANTED.

3.      The terms and conditions of the Loan Documents are hereby approved.

4.      The record in this case and findings of fact set forth above are incorporated herein by this reference.

**Authorization to Borrow Under Loan Documents**

5.      The Debtor is immediately authorized and empowered to borrow under the Loan Documents as an advance under the Pre-Petition Loan up to a maximum principal amount outstanding at any time equal to the Total Facility pursuant to the terms of, and limited to, the purposes permitted under the Loan Documents and this Order, with the total amount advanced being added the amount due under the Pre-Petition Loan.  The Lender is authorized to make payments directly to the vendors and/or contractors in connection with the Property and this financing.  All advances under this financing shall incur interest at the rate and under the terms set forth in the Pre-Petition Loan documents for advances, except that the interest rate shall be 16% per annum.

6.      The Debtor and the Lender may amend, extend, modify, supplement or waive any provision of the Loan Documents if such amendment, modification, supplement or waiver is not material (in the good faith judgment of the Lender and the Debtor) without any need to apply to, or receive further approval from, the Court.  Any material amendment, modification, supplement or waiver shall be subject to approval by the Court on appropriate notice, including to the United States Trustee, except that the Lender and Debtor may agree to any extension of the DIP Financing term in writing without further order of the Court.

7.      The Debtor is authorized and directed to do and perform all acts, to make, execute and deliver the Loan Documents and all related instruments, agreements and documents, to

pay all principal, interest, and other expenses, and to perform all of its obligations under this Order and the Loan Documents, without further Order of the Court in respect of the DIP Financing.

8.      Notwithstanding anything else herein to the contrary, if and to the extent the advances under the DIP Financing are used to fund any remediation or tasks related thereto at the Property, such funding shall not occur without the prior consent of the New York State Department of Environmental Conservation as per applicable New York State law.

## Payment of Obligations

9.      The Debtor is authorized and directed to pay principal, interest and other obligations as provided in the Loan Documents in accordance with the procedures set forth therein and in this Order.

## Collateral Security; Priority Administrative Claims

10.      The obligations shall have the status of super priority administrative expenses, in accordance with Section 364(c)(1) of the Bankruptcy Code, over any and all administrative expenses, whether heretofore or hereafter incurred, specified in any other Section of the Bankruptcy Code, including, without limitation, Sections 328, 330, 331, 503(b) and 507(b) of the Bankruptcy Code, subject only to:

(a)      amounts payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a) and any applicable interest thereon and any fees owed to the Clerk of the Court (and any applicable interest thereon);

(b)      amounts awarded to counsel for the Debtor (but not the Debtor's parent) for professional fees and expenses under sections 330 and 331 of the Bankruptcy Code, whether such award was made, or such fees or expenses incurred, before or after the occurrence of an Event of Default as defined in the Loan up to $250,000. Notwithstanding anything to the contrary contained herein,

this provision shall survive the termination of this order and/or the dismissal of conversion of this case; and

(c)     the fees and expenses incurred by a Chapter 7 trustee in an amount not to exceed $8,000.00 after the conversion of the Case to a case under Chapter 7 of the Bankruptcy Code.

The Carve Out may be paid after termination of this Order. The aggregate of the amounts described in subparagraphs (a) through (c) above of this paragraph "9" is collectively referred to as the "Carve-Out".

11.     Except with respect to the Carve-Out, no other claim or expense, having a priority senior or *pari passu* to that granted to the Lender in this Order, shall be granted in this Chapter 11 case, or any superseding Chapter 7 case, while any portion of the obligations remain outstanding.

12.     Notwithstanding the foregoing, the Debtor shall be permitted to pay, as the same may become due and payable (i) administrative expenses of the kind specified in Section 503(b) of the Bankruptcy Code incurred in the ordinary course of its business; (ii) compensation and reimbursement of expenses to professionals allowed and payable under Sections 330 and 331 of the Bankruptcy Code, and (iii) any other pre- or post-Petition Date expenses of the Debtor, including adequate protection payments, to the extent approved by an Order of this Court and not otherwise prohibited by the terms of the Loan Documents.

13.     As security for the full and timely payment and performance of the obligations, the Lender is hereby granted, pursuant to Section 364(c)(1) and 364(d) of the Bankruptcy Code, (i) an administrative expense claim allowable under Section 503(b) of the Bankruptcy Code with priority over any and all expenses and claims specified in any other section of the Bankruptcy Code, including, without limitation, Sections 503(b) and 507(b) of the Bankruptcy

Code, subject to the Carve-Out; and (ii) senior liens on and security interests in all of the Debtor's real and personal property under the Pre-Petition Loan as set forth in the Loan Documents, subject to the Carve-Out, as of the Petition Date to secure advances under the Pre-Petition Loan, with the total amount advanced being added the amount due under the Pre-Petition Loan.

14.     The liens and security interests in favor of the Lender described herein and in the Loan Documents shall be deemed valid, binding, enforceable and perfected upon entry of this Order, and shall be senior to and shall not be subject to any lien or security interest which is avoided and preserved for the benefit of the Debtor's estate under Section 551 of the Bankruptcy Code.

15.     The Lender shall not be required to file any financing statements, mortgages, notices of lien or similar instruments in any jurisdiction or filing office, or to take any other action in order to validate or perfect the liens and security interests granted by or pursuant to this Order or pursuant to the Loan Documents.

16.     Should the Lender in its sole discretion, from time to time, choose to file such financing statements, mortgages, notices of lien or similar instruments, take possession of any Collateral, or take any other action to validate or perfect any such security interest, mortgage or lien, the Debtor and its officers are hereby directed to execute any such documents or instruments as the Lender shall reasonably request in accordance with the terms of the Loan Documents and all such documents and instruments shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.

17.     A certified copy of this Order may, in the discretion of the Lender, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments, and all filing or recording offices are hereby directed to accept such certified copy of this Order for filing and recording.

## **Events of Default**

18.     Events of default are as set forth in the Loan Documents.  Notice of any event of default shall be provided to the Debtor, Debtor's counsel, and the United States Trustee.

## **Miscellaneous Provisions**

19.     The provisions of this Order including the liens, security interests, administrative priorities and other rights and remedies granted to the Lender by the provisions of this Order and any actions taken pursuant hereto shall survive, and shall not be modified, altered or impaired in any manner (a) by any other financing or extension of credit or incurrence of debt by the Debtor (under Section 364 of the Bankruptcy Code or otherwise), (b) the entry of an order confirming any plan of reorganization, (c) the entry of an order converting this case to Chapter 7 or dismissing this Chapter 11 case or by any act or omission whatsoever, (d) the entry of an order withdrawing the reference of the Debtor's case from the Bankruptcy Court, or (e) the entry of an order abstaining from handling or retaining of jurisdiction of the Debtor's case in the Bankruptcy Court.  The terms and provisions of this Order and the Loan Documents shall continue in this or any superseding Chapter 7 case under the Bankruptcy Code, and the liens on and security interests granted to the Lender and the super priority status of the administrative expenses and payment provisions contained in the Loan Documents and this Order shall continue in effect until the obligations are indefeasibly satisfied and discharged, and the Lender's commitment to loan  money to the Debtor under the Loan Documents is terminated.

20.     This Order shall be binding upon and inure to the benefit of the Lender and the Debtor and their respective successors and assigns, including, without limitation, any Chapter 11 or Chapter 7 trustee hereinafter appointed as a representative of the Debtor's estate; *provided, however*, that the Lender shall have no obligation to extend any financing to any Chapter 7 or Chapter 11 trustee appointed for the estate of the Debtor.

21.     If any provision of this Order is hereafter modified, vacated or stayed by subsequent order of this or any other court for any reason, such modification, vacation or stay shall not affect the validity and priority of any of the obligations incurred under this Order and prior to the effective date of any such modification, vacation or stay, the validity, enforceability or priority of the obligations shall be governed in all respects by the original provisions of this Order, and the Lender shall be entitled to all of the rights, privileges and benefits granted herein.

22.     Other than as expressly set forth above, no rights are created hereunder for the benefit of any third party, any creditor (other than the Lender) or any direct, indirect or incidental beneficiary.

23.     In the event of any irreconcilable inconsistency between this Order and any agreement heretofore or hereafter entered into by and between the Debtor and the Lender, the terms of this Order shall govern and control.

24.     The provisions of this Order shall be effective upon entry of this Order, and the Clerk of the Court is hereby directed to forthwith enter this Order on the docket of this Court maintained in regard to this case.



**Dated: November 19, 2021**
      **Brooklyn, New York**

_____
      **Nancy Hershey Lord**
      **United States Bankruptcy Judge**