John M. August, Esq.
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333
*Attorneys for Greenacre Realty Inc.*
*f/k/a 49 DuPont Realty Corp.*

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| DUPONT STREET DEVELOPERS LLC, | Case No. 21-40664 (NHL) |
| Debtor(s). | Hearing Date: May 3, 2021, at 11:30 a.m. |

## GREENACRE REALTY INC.'S OBJECTION TO CONFIRMATION OF
## DEBTOR'S SECOND AMENDED PLAN OF LIQUIDATION

Greenacre Realty Inc. f/k/a 49 DuPont Realty Corp. ("Greenacre"), by and through its counsel, Saiber LLC, hereby objects to confirmation of the Second Amended Plan of Liquidation (the "Plan") of Dupont Street Developers LLC (the "Debtor"), **[Docket No. 102]**, as follows:

### A.    **Preliminary Statement**

1.  Greenacre objects because the Plan violates Bankruptcy Code § 363(e) as it does not provide adequate protection of Greenacre's right to review and approve proposed workplans, reports and similar documents submitted to the New York State Department of Environmental Conservation's ("NYSDEC") in connection with the proposed sale to Dupont Street 1 LLC (defined as "Dupont Lender" in the Plan).

B.    **Statement of Facts**

2.   Greenacre is a prior owner of the Debtor's real property (defined as the "Property" in the Plan) and is subject, along with the Debtor, to an Amended Order on Consent and Administrative Settlement (the "Consent Order") with the NYSDEC to identify and remediate hazardous waste at, around and from the Property.

3.   On or about June 8, 2012, Greenacre and the Debtor, entered into a Purchase and Sale Agreement for the sale of the Property.  The Plan defines the Purchase and Sale Agreement as the "Original Purchase Agreement" (defined herein as the "OPA").  The OPA was amended five times, with the Second Amendment dated August 8, 2012 (the "Second Amendment") and the Sixth Amendment dated April 9, 2014 (the "Sixth Amendment").  (A copy of the OPA, Second Amendment and Sixth Amendment are attached hereto as Exhibits A, B and C).

4.   The OPA, as amended, provides Greenacre the right to review and approve proposed workplans, reports and similar documents submitted to the NYSDEC ("Greenacre's Review Rights").  Under the Second Amendment to the OPA, Section 7, Greenacre is provided with the right to approve and comment on all proposed workplans.  Specifically, section 7(d) states that "Prior to submission to NYSDEC, Purchaser shall provide Seller with draft copies of workplans or reports . . .  for review and approval by Seller . . . and shall incorporate Seller's reasonable comments, if any. Seller shall have the right, within ten (10) business days… to reject or require modifications of Purchaser's proposed workplans…."  The section further provides that the Debtor shall not invoke the dispute resolution provisions of the Consent Order without Greenacre's prior written consent.

5.   The Sixth Amendment, Section B, provides that the Debtor agrees to conduct the remediation "pursuant to the cleanup plans approved by the NYSDEC and by Seller and using an

environmental consultant or contractor approved by Seller (collectively, the 'Approved Remediation Plans'). . . ." The Approved Remediation Plans were required to include, at a minimum, "the excavation of phthalates present within the boundaries of the premises" and "the pumping of phthalates through wells or trenches off the boundaries of the premises."

6.      The OPA provides that these environmental covenants survive the closing and delivery of the deed, at pg. 37, section 38(e).

7.      Greenacre's Review Rights provide Greenacre a "seat at the table" in order to protect its interests as a potentially responsible party under the Consent Order.

C.      **Objection to Confirmation**

8.      Greenacre's Review Rights are non-economic rights enforceable under New York law even with the Debtor in breach.  The Debtor breached the OPA pre-petition by, among other reasons, failing to remediate the Property.  This breach is not a termination and does not relieve the Debtor of its obligation to perform.  See Medical Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 386-87 (2d Cir. 1997).

9.      Section 1129(a)(1) of the Bankruptcy Code provides that a plan must comply with all applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1). If a plan contains provisions which violate the Bankruptcy Code, under § 1129(a)(1) the plan may not be confirmed.  See In re Ditech Holding Corp., 606 B.R. 544, 577-78 (Bankr. S.D.N.Y. 2019).

10. Here, the Plan violates § 363(e) because it does not provide adequate protection of Greenacre's Review Rights in connection with the proposed sale to Dupont Lender.  Bankruptcy Code § 363(e) provides in relevant part, "[n]otwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property . . . proposed to be used, sold, or

leased . . . the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

11. The bankruptcy court in <u>In re Dewey Ranch Hockey, LLC</u>, 414 B.R. 577 (Bankr. D. Az. 2009), addressed adequate protection of a non-economic interest.  In that case, the Phoenix Coyotes and three related entities filed bankruptcy petitions and made a motion to sell the team to a Canadian entity, PSE Sports and Entertainment LP ("PSE"), which wanted to move the team to Canada.  <u>Id.</u> at 582.  The NHL objected to the sale to PSE and requested adequate protection.  <u>Id.</u> at 589.  The NHL had three interests in the team: (i) the right to admit only new members who meet its written requirements, (ii) the right to control where its members play their home hockey games, and (iii) the right to a relocation fee when a member team relocates to a new site.  <u>Id.</u> at 591.  These interests arose from a constitution and by-laws between the NHL and its members.  <u>Id.</u> at 581.  The bankruptcy court found that these interests were non-economic and could not be adequately protected in a sale and relocation.  Accordingly, the court denied the sale to PSE.  "The requirement of adequate protection in Section 363(e) is mandatory. If adequate protection cannot be provided, such sale must be prohibited."  <u>Id.</u> at 592 (*citing* 3 Collier on Bankruptcy P 363.05[2] at p. 363-42 (15th ed. rev. 2007). (collecting cases)).

12. Bankruptcy Code § 363(e) applies to a sale through a plan.  <u>See</u> <u>In re Ditech Holding Corp.</u>, 606 B.R. 544, 592, n. 43 (*citing* <u>In re Dynamic Tooling Sys., Inc.</u>, 349 B.R. 847, 855 (Bankr. D. Kan. 2006)).

13. Here, Greenacre's Review Rights are also non-economic interests in the Property that are entitled to adequate protection in the proposed sale to Dupont Lender.  The Plan does not address Greenacre's Review Right and does not provide adequate protection of these rights in the proposed sale to Dupont Lender.

14. The undersigned raised this issue with Debtor's counsel and Dupont Lender's counsel prior to filing this objection.  Greenacre's counsel has been working with Dupont Lender's counsel on an agreement that will adequately protect Greenacre.  This objection is filed to preserve Greenacre's rights in the event an agreement is not reached prior to confirmation.

## <u>CONCLUSION</u>

For all these reasons, Greenacre respectfully requests that confirmation of the Debtor's Second Amended Plan of Liquidation be denied, and that the Court grant such other and further relief as is just and proper.

SAIBER LLC
Attorneys for Greenacre Realty Inc.
f/k/a 49 DuPont Realty Corp.


By: /s/ John M. August
       JOHN M. AUGUST

Dated: April 28, 2022
      Florham Park, New Jersey